# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **NORTH STAR INNOVATIONS INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**VIDYO, INC.,**<br><br>Defendant. | **Case No.**<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff North Star Innovations Inc. ("Plaintiff") files this Complaint against Defendant Vidyo, Inc. ("Defendant" or "Vidyo") for infringement of United States Patent No. 9,001,899 (the "'899 patent").

## THE PARTIES

### PLAINTIFF

1. North Star Innovations Inc. is a Delaware company with its principal place of business at Plaza Tower, 600 Anton Blvd., Suite 1350, Costa Mesa, CA 92626.

### DEFENDANT

2. On information and belief, Vidyo is a Delaware corporation with its principal place of business located at 433 Hackensack Ave, Hackensack, NY 07601-6313. On information and belief, Vidyo may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801. On information and belief, this Court has personal jurisdiction over Vidyo because Vidyo has committed, and continues to commit, acts of infringement in the State of Delaware, has conducted business in the

State of Delaware, and/or has engaged in continuous and systematic activities in the State of Delaware.

## JURISDICTION AND VENUE

3. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States' patent statutes, 35 U.S.C. § 101 *et seq*.

5. Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant has committed acts of infringement in this district and/or is deemed to reside in this district.

6. This Court has personal jurisdiction over Defendant and venue is proper in this district because Defendant has committed, and continues to commit, acts of infringement in the state of Delaware, including in this district, has conducted business in the state of Delaware, including in this district, and/or has engaged in continuous and systematic activities in the state of Delaware, including in this district.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 9,001,899)

7. Plaintiff incorporates paragraphs 1 through 6 herein by reference.

8. Plaintiff is the owner and assignee of the '899 patent, entitled "Video Information Processing System with Selective Chroma Deblock Filtering," with ownership of all substantial rights in the '899 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '899 patent is attached as Exhibit A.

9. The '899 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

10. Plaintiff has been damaged as a result of Vidyo's infringing conduct described in this Count. Vidyo is thus liable to Plaintiff in an amount that adequately compensates it for Vidyo's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## Direct Infringement

11. On information and belief, Vidyo has and continues to directly infringe one or more claims of the '899 patent in this judicial district and/or elsewhere in Delaware and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing infringing systems with video coding and/or processing capabilities, including but not limited to systems with H.264 SVC capabilities, including but not limited to the VidyoRoom HD-230, by practicing infringing methods by way of Vidyo's systems with video coding and/or processing capabilities, including but not limited to systems with H.264 SVC capabilities, including but not limited to the VidyoRoom HD-230, and/or by directing or controlling the performance of infringing methods, including by end-users of Vidyo's systems with video coding and/or processing capabilities, including but not limited to systems with H.264 SVC capabilities, including but not limited to the VidyoRoom HD-230. Vidyo is thereby liable for infringement of the '899 patent pursuant to 35 U.S.C. § 271.

## Indirect Infringement – Inducement

12. Based on the information presently available to Plaintiff, absent discovery, and in addition or in the alternative to direct infringement, Plaintiff contends that Vidyo has and continues to indirectly infringe one or more claims of the '899 patent, including at least claim 1,

by inducing others, including end-users of Vidyo's systems' H.264 SVC capabilities, including but not limited to those of the VidyoRoom HD-230, to make, use, sell, offer for sale, and/or import infringing video coding and/or processing systems and/or to practice infringing methods in violation of one or more claims of the '899 patent, including at least claim 1.

13. On information and belief, Vidyo has been on notice of the '899 patent since at least service of this action, or before, but has continued since that time to cause others to directly infringe the '899 patent as alleged herein. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

14. On information and belief, since Vidyo has been on notice of the '899 patent, Vidyo has knowingly induced infringement of the '899 patent, including at least claim 1 of the '899 patent, and possessed specific intent to encourage others' infringement.

15. On information and belief, since Vidyo has been on notice of the '899 patent, Vidyo knew or should have known that its actions would induce actual infringement of the '899 patent, including at least claim 1 of the '899 patent, by end-users of Vidyo's systems' H.264 SVC capabilities, including but not limited to those of the VidyoRoom HD-230.

16. For example, since Vidyo has been on notice of the '899 patent, Vidyo has purposefully and voluntarily made available systems with video coding and/or processing capabilities, including but not limited to systems with H.264 SVC capabilities, including but not limited to the VidyoRoom HD-230, with the expectation that they would be utilized by end-users in the United States in a way that infringes at least claim 1 of the '899 patent.

17. Since Vidyo has been on notice of the '899 patent, Vidyo has also encouraged end-users of Vidyo's systems with video coding and/or processing capabilities, including but not

limited to systems with H.264 SVC capabilities, including but not limited to the VidyoRoom HD-230, to utilize such devices in a way that results in the infringement of at least claim 1 of the '899 patent.

18. Vidyo has not produced or relied upon an opinion of counsel suggesting that the '899 patent is invalid or is not infringed by Vidyo's systems with video coding and/or processing capabilities, including but not limited to systems with H.264 SVC capabilities, including but not limited to the VidyoRoom HD-230. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

19. Vidyo has not produced any evidence as to any investigation, design around or that any remedial action was taken with respect to the '899 patent. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## ADDITIONAL ALLEGATIONS

20. Plaintiff has been damaged as a result of Vidyo's infringing conduct described herein. Vidyo is thus liable to Plaintiff in an amount that adequately compensates Plaintiff for Vidyo's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

21. Vidyo's actions complained of herein will continue unless Vidyo is enjoined by this Court.

22. Plaintiff has complied with 35 U.S.C. § 287.

23. Vidyo's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Vidyo is enjoined and restrained by this Court.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

Plaintiff requests that this Court find in its favor and against Defendant, and that this Court grant Plaintiff the following relief:

a. Enter judgment for Plaintiff on this Complaint;

b. Enter judgment that one or more claims of the '899 patent have been infringed, either directly or indirectly by Defendant;

c. Enter judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

d. Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

e. Enter a permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing or inducing infringement of the '899 patent, or, in the alternative, judgment that Defendant account for and pay to Plaintiff a reasonable royalty and an ongoing post-judgment royalty because of Defendant's past, present and future infringing activities and other conduct complained of herein;

f. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

g. Find the case to be exceptional under the provisions of 35 U.S.C. § 285;

h. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: November 30, 2015　　　　　　　　　**THE deBRUIN FIRM LLC**

*Of Counsel:*　　　　　　　　　　　　　　　*/s/ David W. deBruin*
**THE SIMON LAW FIRM, P.C.**　　　　　　David W. deBruin (#4846)
Anthony G. Simon (*pro hac vice forthcoming*)　　405 N. King Street, Suite 440
Michael P. Kella (*pro hac vice forthcoming*)　　Wilmington, DE 19801
Benjamin R. Askew (*pro hac vice forthcoming*)　(302) 660-2744
Timothy D. Krieger (*pro hac vice forthcoming*)　ddebruin@thedebruinfirm.com
800 Market Street, Suite 1700
St. Louis, Missouri 63101　　　　　　　　　*Attorney for Plaintiff*
P. 314.241.2929
F. 314.241.2029
asimon@simonlawpc.com
mkella@simonlawpc.com
baskew@simonlawpc.com
tkrieger@simonlawpc.com